UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
ANTHONY JONES,                                      :
                                                    :
                              Plaintiff,            :          REPORT &
                                                    :          RECOMMENDATION
           -against-                                :          11-CV-1021 (JG)
                                                    :
EAST BROOKLYN SECURITY SERVICES CORP. and           :
WINCHESTER KEY,                                     :
                                                    :
                              Defendants.           :
-----------------------------------------------------------------------x
GOLD, STEVEN M., U.S.M.J.:

      By Order dated February 15, 2012, the Honorable John Gleeson referred plaintiff's motion for a default judgment to me for a report and recommendation on what relief, if any, should be awarded. I have reviewed plaintiff's complaint and find that it lacks the necessary factual predicate to establish defendants' liability under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").[1] Accordingly, I respectfully recommend that plaintiff be granted leave to amend the complaint to sufficiently plead defendants' FLSA liability before any default judgment be entered.

      Once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *See Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Montcalm Pub. Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y. 1992). "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *See Labarbera v. ASTC Labs., Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotation marks omitted). *See also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (recognizing the court's authority, even after default, to determine whether

---

[1] Plaintiff also brings state and common law claims but FLSA is the basis for this court's jurisdiction.

plaintiff has stated a cause of action). A court retains the discretion to determine whether a final default judgment is appropriate, *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), and a "plaintiff must . . . establish that on the law it is entitled to the relief it seeks, given the facts as established by the default," *U.S. v. Ponte*, 246 F. Supp. 2d 74, 76 (D. Me. 2003) (citation omitted).

Where the defendant is in default, the court is required to assume the truth only of the well-pleaded factual allegations in the complaint. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d. Cir. 2011). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 1950.

Here, plaintiff's complaint does little more than parrot the statutory language of the FLSA, and fails to provide the necessary factual details to support plaintiff's federal claim. The FLSA prohibits an employer from requiring

> any of his employees . . . in any workweek [who] is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, [to work] a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). As the plain language of the statute indicates, in order to hold an employer liable for failure to pay overtime wages, a plaintiff in a FLSA action must establish that the employer is an "enterprise engaged in interstate commerce."[2] *See id*. An "enterprise

---

[2] As an alternative basis for FLSA liability, a plaintiff may establish that employees were engaged "in the 'channels of interstate commerce,' as distinguished from [employees] who merely affected that commerce." *Xelo v. Mavros*,

engaged in [interstate] commerce" is defined as an entity that "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" and "whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1). *See also id.* § 203(b) (defining "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof").

Plaintiff was employed as a security guard by a company that provides security services to "numerous sites around Brooklyn." Compl. ¶ 15; Jones Decl. ¶ 2, Docket Entry 9-1. In his complaint, plaintiff alleges that defendant is "an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA," and, "[u]pon information and belief," that defendant "has used goods produced in interstate commerce," but plaintiff provides no factual support for these assertions. Compl. ¶¶ 4, 6. Plaintiff further contends that he "was an employee engaged in commerce and/or the production of goods for commerce." *Id*. ¶ 16. Thus, the complaint, with only conclusory statements about interstate commerce, raises a threshold question of whether plaintiff's employment as a security guard is covered by the FLSA.

As the court noted in *Blue v. Finest Guard Servs., Inc.*, 2010 WL 2927398 (E.D.N.Y. June 24, 2010), "[s]everal courts have held that security guards, otherwise known as 'watchmen,' are covered by the FLSA, since the businesses they help protect are themselves engaged in such commerce." 2010 WL 2927398, at * 5. In *Blue*, however, the court found that "there [we]re no facts alleged in the Complaint . . . which demonstrate that the security guards . . . were engaged

---

2005 WL 2385724, at *4 (E.D.N.Y. Sept. 28, 2005) (internal quotation marks omitted) (citing *McCleod v. Threlkeld*, 319 U.S. 491, 494 (1943)). "In making this determination, the court must 'focus on the activities of the employees and not on the business of the employer.'" *Id*. (quoting *Mitchell v. Lublin*, 358 U.S. 207, 211 (1959)).

in commerce, or even that the locations protected by Finest were engaged in commerce." *Id*. at *6. The court thus recommended that Finest not be held liable under the FLSA upon plaintiff's motion for default judgment, *id*., and the recommendation was adopted, 09-CV-133 (ARR), Docket Entry 17.

Plaintiff's complaint here suffers from the same deficiencies as those identified in *Blue*.[3] Accordingly, I respectfully recommend that plaintiff's motion for entry of a default judgment be denied, and that plaintiff be permitted to serve and file an amended complaint alleging facts sufficient to impose FLSA liability against the defendants.[4]

Although not a deficiency in the pleading, I also note that the complaint indicates that Jones held the title "Security Director," "had some supervisory responsibility," and was deemed an "exempt," salaried employee in 2009. Compl. ¶¶ 17, 18, 28. *See also* Jones Decl. ¶¶ 6-8, 11, 15, 16; 11-CV-6333 Compl. ¶ 22 (stating that Jones was promoted to the position of Director of Security in 2001 but that plaintiff continued "to perform regular security guard duties in addition to his new duties"). The complaint and declaration are silent as to Jones' ability to hire and fire security guards. The FLSA's wage and hour provisions do not apply to employees employed in bona fide administrative or executive capacities. 29 U.S.C. § 213. *See also* 29 C.F.R. § 541.100 *et seq.* Accordingly, if and when plaintiff renews his motion for default judgment, plaintiff shall

---

[3] On December 28, 2011, plaintiff filed a second action against his former employer, alleging violations of the Americans with Disabilities Act and under state and city laws alleging disability discrimination and retaliation. 11-CV-6333 (JG). Plaintiff is represented by a different attorney in this latter action. In the second action, the complaint states that East Brooklyn Security Services provides "security services to building management companies throughout New York City." 11-CV-6333 Compl. ¶ 15; *see also id.* ¶ 23 (asserting that plaintiff was assigned guard duties at the "Williams Avenue Associates" buildings complex in East New York in 2009). This statement may undercut plaintiff's assertion in this action that defendants are employers engaged in interstate commerce.

[4] If the district court agrees with my recommendation that plaintiff's complaint fails to state a claim under the FLSA but declines to permit plaintiff to replead or if plaintiff subsequently asserts that he cannot meet the interstate commerce requirements of the FLSA, then I also recommend that the court decline to exercise supplemental jurisdiction over plaintiff's state and common law claims and recommend dismissal of the case in its entirety. *See Bronx Gate & Grille v. Deleon*, 2008 WL 5069533, at *5 (E.D.N.Y. Nov. 24, 2008) (recommending dismissal of state claims after recommending dismissal of plaintiff's sole federal claim after considering the interests of judicial economy, convenience, fairness, and comity).

submit a memorandum of law explaining why he contends he is not an exempt employee under the FLSA and a supplemental declaration setting forth the relevant facts supporting his contention.

Finally, plaintiff's calculation of overtime wages due does not correspond with the facts in the complaint or his affidavit, nor is it convincingly plausible. Plaintiff seeks 72 hours of overtime per week for every week from March, 2005 through March, 2009. Docket Entry 9-1 at 10. The court finds it hard to imagine that anyone could work 16 hours a day, 7 days a week, for 4 years. Moreover, plaintiff's complaint and declaration state only that he "routinely" or "regularly" worked double shifts. Compl. ¶ 21; Jones Decl. ¶ 10. This statement is not synonymous with always working double shifts, which is what plaintiff claims in support of his calculation of damages. Accordingly, plaintiff shall attempt to determine more precisely his overtime hours, accompanied by any documentation in his possession to support the damages he seeks.

For the foregoing reasons, I respectfully recommend that plaintiff's motion for entry of a default judgment be denied, and that plaintiff be permitted to serve and file an amended complaint alleging facts sufficient to impose FLSA liability against defendants. Any objections to the recommendations made in this Report must be filed within fourteen days of this Report and Recommendation and, in any event, on or before March 16, 2012. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). Plaintiff is hereby directed to serve copies of this Report and Recommendation upon defendants at their last known addresses, and to file proof of service with the Court.

/s/
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
February 28, 2012

*U:\eoc 2012\inquests\scheduling orders\jones v east brooklyn r&r.docx*